MICHAEL LAURENCE (State Bar No. 121854)
BARBARA SAAVEDRA (State Bar No. 191628)
HABEAS CORPUS RESOURCE CENTER
303 Second Street, Suite 400 South
San Francisco, California 94107
Telephone: (415) 348-3800
Facsimile: (415) 348-3873
mlaurence@hcrc.ca.gov
bsaavedra@hcrc.ca.gov
docketing@hcrc.ca.gov

Attorneys for the Plaintiff HABEAS CORPUS RESOURCE CENTER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>and<br><br>MICHAEL B. MUKASEY, in his official capacity as United States Attorney General,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT<br><br>Administrative Procedure Act Case |

**PRELIMINARY STATEMENT**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. section 552, and the Administrative Procedure Act (APA), 5 U.S.C. sections 551-59, 701-06, for injunctive and other appropriate relief, seeking immediate searches, processing, and release of agency records requested by the Plaintiff, the Habeas Corpus Resource Center (HCRC), from the Defendants, the United States Department of Justice (DOJ) and its components, and Michael B. Mukasey, the United States Attorney General (Attorney General).

2. Plaintiff submitted a FOIA request on July 18, 2007, for records related to the Defendants' ongoing promulgation of regulations to govern the Attorney General's determination of whether a state meets the requirements necessary to invoke expedited procedures and limited federal

review of post-conviction claims of constitutional error in state death penalty convictions and sentences. In particular, Plaintiff sought information about potential conflicts of interests in the development of the regulations by former Attorney General Alberto Gonzales. Over ten months later, although Plaintiff has been informed that the DOJ located a large number of records responsive to Plaintiff's request, the Defendants have disclosed only two records totaling five pages and have not responded to Plaintiff's repeated efforts to obtain the responsive material.

3. Because Plaintiff's request seeks information necessary to an adequate evaluation of, and participation in, the rulemaking at issue, Plaintiff asked the Defendants to postpone the rulemaking until they disclose the records responsive to the request. In the alternative, Plaintiff asked the Defendants to accommodate public comment on the proposed regulations after disclosing the responsive records. Defendants rejected these requests and instead are in the process of finalizing the regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. sections 552 (a)(4)(A)(vii) and (a)(4)(B). The Court also has jurisdiction pursuant to 28 U.S.C. section 1331 and 5 U.S.C. sections 701-06. Venue lies in this district under 5 U.S.C. section 552 (a)(4)(B).

## PARTIES

5. Plaintiff, the HCRC, is an agency in the Judicial Branch of the State of California. The HCRC provides legal representation to indigent men and women under sentence of death in state and federal habeas corpus proceedings and in executive clemency proceedings. The HCRC also is responsible for providing legal advice and developing resources on significant, recurring issues for use by appointed counsel in capital post-conviction proceedings. In addition to these duties, the HCRC works in conjunction with the California Supreme Court and other state agencies and actors to evaluate and contribute to rules and policies related to the representation of individuals sentenced to death.

6. Defendant DOJ, is an agency within the meaning of 5 U.S.C. section 552 (f)(1) of the Executive Branch of the United States government. The following offices are components within

DOJ: the Office of Justice Programs (OJP); Office of Legal Counsel (OLC); Office of Legal Policy (OLP); Office of Legislative Affairs (OLA); Office of Intergovernmental and Public Liaison (OIPL); Office of the Attorney General (OAG); Office of the Deputy Attorney General (ODAG); Office of the Associate Attorney General (OAAG); and Office of Information and Privacy (OIP).

7. Defendant Michael B. Mukasey is the United States Attorney General and is the head of the United States Department of Justice. Defendant Mukasey is responsible for the DOJ's compliance with the laws of the United States and corresponding agency regulations, including the laws and regulations at issue in this case.

## STATEMENT OF FACTS

### The Attorney General's Proposed Regulations

8. The USA PATRIOT Improvement and Reauthorization Act of 2005 (Patriot Act) included provisions to amend the procedures set forth in Chapter 154 of Title 28 (Chapter 154) by which states become eligible for expedited procedures and limited federal review of claims of constitutional error in state capital convictions and death sentences. The Patriot Act amendments authorize the Attorney General to certify a state's compliance with the requirements for invoking these "fast-track" provisions in federal court – requirements that include guidelines for state appointment and compensation of counsel for indigent death-sentenced individuals. The amendments also directed the Attorney General to promulgate regulations to implement the certification process (Regulations).

9. The Defendants published a notice of proposed rulemaking (NPRM) for the Regulations on June 6, 2007, naming the Office of the Attorney General as the agency issuing the proposed Regulations and the Office of Justice Programs as the agency contact. The NPRM stated that the "Department consulted with a number of groups in developing this proposed rule to carry out the statutory directive, including representatives of State officials and both prosecution and defense interests concerned with capital case litigation." Certification Process for State Capital Counsel Systems, 72 Fed. Reg. 31,217, 31,218 (June 6, 2007). Despite the official representation in the NPRM's statement, Defendants' consultation with persons representing defense interests prior to the publication of the NPRM has been minimal in comparison with their consultation with persons

representing prosecution interests.

10. The NRPM established a sixty-day period for public comment on the proposed Regulations, with the deadline for comments set for August 6, 2007. Numerous members of the public, including Plaintiff, submitted requests for an extension of time within which to evaluate the propriety and effect of the proposed Regulations. Senators Arlen Specter and Patrick Leahy of the Senate Judiciary Committee also submitted a request for an extension of time to comment on the proposed Regulations, echoing public comments regarding the need for additional time to carefully evaluate the proposed Regulations and noting that "it is crucial that the legislative changes to this complex and heavily litigated area of the law be successfully and appropriately implemented, especially given the tremendous stake for individual defendants." Letter from Senators Leahy and Specter, Department of Justice docket no. DOJ-2007-0110-0077, submitted Aug. 2, 2007. Following these requests, Defendants reopened the public comment period with a new deadline of September 24, 2007, for the comments.

11. The Defendants have indicated in the Spring Unified Agenda that they intend to issue a final version of the Regulations in May 2008.

**Plaintiff's Request**

12. Plaintiff submitted a FOIA request to the DOJ on July 17, 2007 (HCRC Request), seeking information related to the proposed Regulations from eight components of the DOJ: the Office of Justice Programs; Office of Legal Counsel; Office of Legal Policy; Office of Legislative Affairs; Office of Intergovernmental and Public Liaison; Office of the Attorney General; Office of the Deputy Attorney General; and Office of the Associate Attorney General.

13. Plaintiff also requested and is entitled to a waiver of processing fees pursuant to 5 U.S.C. section 552(a)(4)(A)(iii) and corresponding agency regulations because the request was made for information in the service of the public interest and was not sought for commercial purposes.

14. The HCRC Request sought information about individuals and entities that the Defendants consulted in the course of developing the proposed Regulations and individuals within the DOJ responsible for developing the proposed Regulations. In addition, the HCRC Request sought material related to the review of the proposed Regulations by the Office of Management and

Budget (OMB) and by the Office of Information and Regulatory Affairs (OIRA). The need for this information became apparent after Plaintiff began to learn of apparently substantial consultations regarding the Attorney General's Regulations, both before and after the NPRM, between the criminal prosecution components of the DOJ and state prosecution officials and organizations. In contrast, the Defendants did not engage in similar consultations with defense organizations, agencies, or individuals in any meaningful manner. Of particular concern to Plaintiff were indications that criminal prosecution interests in the DOJ could have had a significant role in the Attorney General's rulemaking and that substantial, disqualifying conflicts of interests exist. The fact that the proposed Regulations included factual examples that predetermined certification for some state mechanisms further heightened the concern of impermissible bias.

15. Former Attorney General Alberto Gonzales, who was responsible for developing the proposed Regulations, has been publically implicated as the source of a number of actions and policies of the DOJ that are ethically and legally problematic. The final Regulations will be issued by Defendant Michael B. Mukasey, who has acknowledged his obligation to eliminate the effect of any ethically or legally questionable policies and/or procedures carried out by his predecessor.

16. The information Plaintiff sought in the HCRC Request was necessary to evaluate the proposed Regulations meaningfully and, if appropriate, articulate its concerns during the public comment period. The information also is necessary to evaluate the final Regulations in a timely manner – i.e., before they form the basis for certification proceedings that determine issues literally of life and death – and ensure that they do not perpetuate harmful conflicts of interests or biases that may have affected the proposed Regulations under the former Attorney General.

17. Over the course of its communications with the DOJ components regarding the HCRC Request, Plaintiff repeatedly highlighted the fact that the requested information is critical to adequate public notice of issues affected by the Attorney General's rulemaking, and emphasized the need to obtain and evaluate the requested information within the deadlines dictated by the rulemaking process.

**Responses and Communications Regarding the HCRC Request**

18. Defendants divided responsibility for responding to the HCRC Request among three

offices within the DOJ: the Office of General Counsel was responsible for responding for the Office of Justice Programs (OJP Response); the Office of Legal Counsel was responsible for responding directly (OLC Response); and the Office of Information and Privacy was responsible for responding on behalf of the remaining six components – OLP, OLA, OIPL, OAG, ODAG, and OAAG (OIP Components Response).

### The OJP Response

19. The OJP did not comply with the statutory time limits imposed by the FOIA and failed to timely respond to the HCRC Request.

20. Although in subsequent communications Plaintiff asked the OJP to complete its searches, processing, and response to the HCRC Request at least before the September 24, 2007 deadline for public comments on the Attorney General's proposed Regulations, the OJP also did not respond by that time.

21. In October 2007, the OJP produced one two-page document, stated that the OJP located no other records responsive to the HCRC Request, and advised Plaintiff that the OJP had completed processing the HCRC Request.

22. Plaintiff timely appealed the OJP response to the Office of Information and Privacy seeking adequate and complete searches to locate additional responsive material.

23. To date, neither the OIP nor the OJP has responded to Plaintiff's administrative appeal or disclosed additional responsive records.

### The OLC Response

24. The OLC did not comply with the statutory time limits imposed by the FOIA and failed to timely respond to the HCRC Request.

25. In October 2007, the OLC stated that it had conducted searches of OLC files and had not located any records within the scope of the HCRC Request.

26. Plaintiff timely appealed the OLC Response to the OIP seeking adequate and complete searches to locate additional responsive material.

27. In January 2008, the OLC disclosed one record and informed Plaintiff that it was

withholding five other responsive records.

28. Plaintiff submitted a timely administrative appeal of the OLC's January 2008 response to the OIP raising the OLC's continued failure to conduct a reasonably thorough and timely search for time-sensitive material, improper withholding of documents deemed responsive to the HCRC Request, and unlawful delay.

29. To date, neither the OIP nor the OLC has responded to Plaintiff's administrative appeal of the January 2008 response or disclosed additional responsive records.

### The OIP Components Response

30. The OIP did not comply with the statutory time limits imposed by the FOIA and failed to timely respond to the HCRC Request.

31. Between September 2007 and April 2008, Plaintiff made a number of attempts by phone calls and written correspondence to obtain documents responsive to the HCRC Request from the OIP components. In the course of these communications, Plaintiff learned that the DOJ components had located a substantial amount of material responsive to the HCRC Request.

32. To date, the OIP has not disclosed any of the records responsive to the HCRC Request or otherwise responded to the request.

### Plaintiff's Interest in the Attorney General's Regulations

33. The Regulations will determine the procedures and standards by which the Attorney General certifies states for expedited review of state death penalty convictions and sentences in federal habeas corpus proceedings. The Attorney General's certification requires his or her evaluation of whether a state mechanism for the appointment and compensation of state post-conviction counsel in death penalty cases assures timely appointment of competent counsel, adequate compensation, and reasonable expenses for the development and presentation of all potentially meritorious claims of constitutional error in state court proceedings. A certification determination based on incomplete and/or inaccurate information that erroneously portrays state compliance where it does not exist fundamentally undermines the goals and purposes of Chapter 154.

34. The Plaintiff has a significant interest in the Regulations. In keeping with this interest,

7

COMPLAINT

Plaintiff participated in the public comment period for the proposed Regulations and submitted timely comments to the Defendants in order to raise substantial concerns with the Regulations as proposed.

35. Plaintiff's comments to the proposed Regulations advised the Defendants that the DOJ's failure to disclose information sought by the HCRC Request deprived Plaintiff of adequate notice and opportunity to participate in the public comment period and violated due process requirements for agency decision making. Plaintiff's comments also asked the Attorney General to avoid these unlawful results either by withdrawing the proposed Regulations or extending the public comment period until the DOJ disclosed information sought by the HCRC Request.

36. Specifically, Plaintiff addressed in its comments to the Defendants the following issues related to the proposed Regulations and public comment period and the DOJ's failure to disclose records sought by the HCRC Request:

    A. Interested members of the public are entitled to a meaningful opportunity to communicate relevant information, concerns, and criticisms during the public comment period;

    B. Sufficient notice of issues to be addressed during the rulemaking is necessary to meaningful participation in the public comment period;

    C. Sufficient notice includes information about the Attorney General's methodology in developing proposed regulations and the reasoning that led to the proposed rule;

    D. Sufficient notice includes public disclosure of the information upon which the Attorney General relied in reaching the decisions to propose particular rules;

    E. Interested members of the public are entitled to evaluate whether there is a rational connection between the proposed regulations and the statutory scheme and whether the proposed regulations offer a logical means of implementing that scheme;

    F. The particular relevance of the requested information to adequate notice and informed participation in the public comment period given the unavoidable conflicts of interests inherent in the Attorney General certifying states mechanisms while also acting as the chief prosecutor for the United States; and

    G. The particular relevance of the requested information to adequate notice and

informed participation in the public comment period given the evidence of undisclosed ex parte consultations before and after the publication of the proposed Regulations between interested state prosecutors and the Attorney General responsible for developing the proposed Regulations.

37. The Defendants declined to take action to remedy the issues raised by the DOJ's failure to disclose information sought by the HCRC Request as described in Plaintiff's comments.

38. The HCRC Request seeks information to which Plaintiff is entitled and that is required for Plaintiff's meaningful evaluation of the Defendants' proposed Regulations and adequately informed response to the Regulations during the public comment period and subsequent phases of their development and implementation.

39. Defendants' refusal to disclose records responsive to the HCRC Request, address Plaintiff's administrative appeals, or remedy obstacles to Plaintiff's participation in Defendants' rulemaking is unlawful.

## CAUSES OF ACTION

### First Cause of Action:
**Violation of the Freedom of Information Act for Failure to Make Responsive Records Available**

40. Plaintiff repeats and realleges paragraphs 1-39.

41. Defendants' failure to disclose records responsive to Plaintiff's request violates the FOIA, 5 U.S.C. section 552(a)(3).

### Second Cause of Action:
**Violation of the Administrative Procedure Act for Failure to Make Responsive Records Available**

42. Plaintiff repeats and realleges paragraphs 1-39.

43. Defendants' failure to disclose records responsive to Plaintiff's request constitutes agency action unlawfully withheld and is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law in violation of the Administrative Procedure Act.

### THIRD CAUSE OF ACTION:
**Violation of the Freedom of Information Act for Failure to
Make A Reasonable Effort to Search for Records Responsive to Plaintiff's Request**

44. Plaintiff repeats and realleges paragraphs 1-39.

45. Defendants' failure to make a reasonable effort to search for records responsive to the HCRC Request violates the FOIA, 5 U.S.C. section 552(a)(3).

### FOURTH CAUSE OF ACTION:
**Violation of the Administrative Procedure Act for Failure to
Make A Reasonable Effort to Search for Records Responsive to Plaintiff's Request**

46. Plaintiff repeats and realleges paragraphs 1-39.

47. Defendants' failure to make a reasonable effort to search for records responsive to HCRC Request constitutes agency action unlawfully withheld and unreasonably delayed and is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law in violation of the APA.

### FIFTH CAUSE OF ACTION:
**Violation of the Freedom of Information Act for Failure to
Timely Respond to Plaintiff's Appeals**

48. Plaintiff repeats and realleges paragraphs 1-39.

49. Defendants' failure to timely respond to Plaintiff's appeals of agency responses violates the FOIA, 5 U.S.C. section 552(a)(6)(A)(ii).

### SIXTH CAUSE OF ACTION:
**Violation of the Administrative Procedure Act for Failure to
Timely Respond to Plaintiff's Appeals**

50. Plaintiff repeats and realleges paragraphs 1-39.

51. Defendants' failure to timely respond to Plaintiff's appeals of agency responses constitutes agency action unlawfully withheld and unreasonably delayed and is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law in violation of the APA.

### SEVENTH CAUSE OF ACTION:
**Violation of the Administrative Procedure Act for Failure to Provide Adequate Notice and Opportunity to Participate in the Defendants' Rulemaking**

52. Plaintiff repeats and realleges paragraphs 1-39.

53. Defendants' failure to disclose information requested by Plaintiff unlawfully deprives Plaintiff of sufficient notice of and ability to participate meaningfully in the Defendants' rulemaking and is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law in violation of the APA.

### EIGHTH CAUSE OF ACTION:
**Violation of the Due Process Clause of the United States Constitution for Failure to Provide Adequate Notice and Opportunity to Participate in the Defendants' Rulemaking**

54. Plaintiff repeats and realleges paragraphs 1-39.

55. Defendants' failure to disclose information requested by Plaintiff unlawfully deprives Plaintiff of sufficient notice of and ability to participate meaningfully in the Defendants' rulemaking in violation of the Due Process Clause of the United States Constitution.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT

11

**REQUESTED RELIEF**

Wherefore, Plaintiff prays that this Court:

1. Order Defendants immediately to conduct thorough searches in all relevant components for the requested records;

2. Order Defendants expeditiously to process all requested records;

3. Order Defendants to disclose the requested records in their entirety;

4. Enjoin Defendants from charging Plaintiff fees for the processing of the HCRC Request;

5. Following the disclosure of the material sought by Plaintiff, order Defendants to republish the proposed or revised Regulations for implementing the Patriot Act amendments to Chapter 154 and provide a reasonable time for public comment;

6. Award Plaintiff its costs and reasonable attorney's fees incurred in this action; and

7. Grant such other relief as the Court may deem just and proper.

DATED: May 27, 2008                    Respectfully submitted,

By: *Michael Laurence*

MICHAEL LAURENCE
Habeas Corpus Resource Center
Attorneys for Plaintiff

12

COMPLAINT