MICHAEL LAURENCE (State Bar No. 121854)
BARBARA SAAVEDRA (State Bar No. 191628)
HABEAS CORPUS RESOURCE CENTER
303 Second Street, Suite 400 South
San Francisco, California 94107
Telephone: (415) 348-3800
Facsimile:  (415) 348-3873
mlaurence@hcrc.ca.gov
bsaavedra@hcrc.ca.gov
docketing@hcrc.ca.gov

Attorneys for the Plaintiff HABEAS CORPUS RESOURCE CENTER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>and<br><br>MICHAEL B. MUKASEY, in his official capacity as United States Attorney General,<br><br>Defendants. | Civil Action No.  CV-08-2649 CW<br><br><br>OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT |

# I.

## ANY DELAY OR EXTENSION OF TIME THREATENS TO MOOT PLAINTIFF'S UNDERLYING CLAIMS

On May 27, 2008, Plaintiff initiated this action in an attempt to secure a remedy for the delay and harm already caused by the Defendants' unlawful failure to timely respond to Plaintiff's request for public records under the Freedom of Information Act (FOIA). *See* Complaint, Civil Action No. CV-08-2649 CW, filed May 27, 2008 (raising causes of action under 5 U.S.C. § 552). Plaintiff's Complaint also seeks to enforce a meaningful opportunity for public participation in an agency rule making thwarted by Defendants' delay and failure to act. *See id.* (raising causes of action under 5 U.S.C. §§ 551-59, 701-06). The Complaint describes Plaintiff's attempt to participate in the Defendants' promulgation of regulations to establish procedures and entitlements that govern federal judicial review of constitutional claims in death penalty cases, document Plaintiff's serious concern that meaningful participation will not be possible unless Defendants produce relevant public records before the conclusion of that rule making, and alleges Defendants' expressed intent to complete the rule making prior to disclosure of the requested information. For these reasons, Plaintiff opposes Defendants' request to extend the time to respond to the complaint.[1] Notice of Motion, and Motion for Extension of Time for the Defendants to Respond to the Complaint ("Motion"), filed June 24, 2008.

When counsel for Defendants, Joel McElvain, contacted counsel for Plaintiff, Barbara Saavedra, seeking an extension of time, Ms. Saavedra stated that Plaintiff would be amenable to an extension of time if the Defendants would ensure that the rule making in question would not be completed prior to a resolution of the issues raised by the Complaint. It was only when Mr. McElvain subsequently reported that relevant Department of Justice components were not willing to condition the final release of the regulations on resolution of this lawsuit that Plaintiff declined to

---

[1] Both parties agree that the docket incorrectly reflects that the responsive pleading is due on August 11, 2008. The correct date for the filing of the responsive pleading is July 28, 2008. Fed. R. Civ. Proc. 12(a)(2). Defendants' suggestion that an extension of time also is necessary to resolve the discrepancy between a 30-day deadline for responding to FOIA actions and a 60-day deadline for responding to APA actions has no merit. *See* Motion at 2, n.1. The July 28, 2008 deadline already reflects a full 60-day time period.

agree to any extension of time.

In this case, further delay significantly threatens Plaintiff's ability to raise and resolve the issues and serious concerns identified in the Complaint. If the Defendants issue final regulations and begin to apply them in proceedings to determine the rights and obligations of capital litigants before Plaintiff's claims are resolved, the Complaint's aim of remedying obstacles to Plaintiff's contribution in the rule making will become moot.

The Court has found that harm or prejudice in the context of changes in time under Local Civil Rule 6.3 includes the threat of rendering moot a party's underlying claims or motions. *See Noble v. Kiewit Pacific Co.*, Slip Copy, 2008 WL 413754 (N.D. Cal., Feb. 13, 2008). Because the Court, as a general matter, must balance the interests of a party seeking to justify delay against those of a party prejudiced by the delay, *see, e.g.*, *Kousar v. Mueller*, __ F.Supp.2d __, 2008 WL 686826, *4 (N.D. Cal., March 11, 2008) (evaluating agency justification for delay in processing immigration applications in light of the interests of applicants prejudiced by delay), the serious harm to Plaintiff's interests require the denial of Defendants' request for extension of time.

## II.

### DEFENDANTS' JUSTIFICATION FOR AN EXENSION OF TIME IS NOT SUFFICIENT TO OVERCOME PLAINTIFF'S SUBSTANTIAL INTERESTS IN AVOIDING DELAY.

Defendants state that counsel will be on leave when the response to Plaintiff's Complaint is due and that they will suffer substantial prejudice if an extension of time is not granted. Motion at 3. This justification is not sufficient to warrant the extension Defendants seek, particularly in light of Plaintiff's significant interest in resolving the issues raised in the Complaint before they are moot and the time constraints imposed by Defendants' refusal to suspend the rule making. *See Konchitsky v. Chertoff*, Slip Copy, 2007 WL 2070325, *6 (N.D. Cal., July 13, 2007) (finding that absent a particularized explanation, agency reliance on national security to justify delay was not reasonable in light of the plaintiffs' interests). Furthermore, assertions related to workload management do not justify delay of "uncomplicated matters of great importance to the individuals involved." *Id.*; *see also Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 678 (6th Cir. 2005) (violation of the procedural requirements of notice and comment prior to rulemaking constitute harm to those with

3

OPPOSITION TO DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO THE COMPLAINT
*HCRC v. DOJ*, CASE NO. CV-08-2649 CW

an interest in the rights they protect); *Electric Power Supply Ass'n. v. Fed. Energy Regulatory Comm'n*, 391 F.3d 1255, 1262 (D.C. Cir. 2004) (violations of "particularized interests in fair decision making" afforded by provisions of the Administrative Procedure Act is a harm to those with an interest in the outcome of the proceedings at issue). This balancing of interests applies even where a party seeking to justify delay has acted in good faith, *Kousar*, at *4, which, given the Defendants' violations of statutory obligations already asserted in Plaintiff's Complaint, should not be assumed as a factor in Defendants' favor.[2]

## CONCLUSION

For the past eleven months, Defendants have not complied with their obligation to disclose documents that Plaintiff requested, including documents that Plaintiff reasonably believes will demonstrate improprieties in Defendants' formulation of rules to govern whether states are entitled to expedited review of constitutional challenges to capital judgments. Having forced Plaintiff to seek judicial intervention to obtain those documents, Defendants now seek to delay the orderly processing of this lawsuit in order to publish the final regulations without disclosure of their unlawful actions. Given the importance of both the regulations and Plaintiff's interests, Plaintiff respectfully requests that this Court deny Defendants' request to extend the time to respond to the complaint.

DATED: June 27, 2008                           Respectfully submitted,

/s/ Michael Laurence

MICHAEL LAURENCE
Habeas Corpus Resource Center
Attorney for Plaintiff

---

[2]  Despite the filing of this action and the additional passage of time, Defendants still have not provided any of "substantial amount of material" responsive to Plaintiff's request.

OPPOSITION TO DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO THE COMPLAINT
*HCRC V. DOJ*, CASE NO. CV-08-2649 CW

4