GREGORY G. KATSAS
Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Branch Director
JOEL McELVAIN, DC Bar No. 448431
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001
Telephone:   (202) 514-2988
Fax:         (202) 616-8202
Email:       Joel.McElvain@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

| | |
|---|---|
| **HABEAS CORPUS RESOURCE CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** and **MICHAEL B. MUKASEY**, in his official capacity as Attorney General of the United States, <br><br> Defendants. | Case No. C 08-02649 CW <br><br> **Answer** <br><br> Case Management Conference Set for Sept. 2, 2008 at 2:00 p.m. |

The Defendants, the United States Department of Justice and Michael B. Mukasey, in his official capacity as Attorney General of the United States, through the undersigned counsel, hereby answers the complaint of the Plaintiff, the Habeas Corpus Resource Center ("HCRC"), as follows.

**First Affirmative Defense**

The complaint purports to impose obligations upon the Defendants that exceed those imposed by the Freedom of Information Act ("FOIA").

**Second Affirmative Defense**

The Plaintiff is not entitled to compel the production of records that are exempt from disclosure pursuant to the deliberative process privilege, the attorney-client privilege, or other privileges or exemptions.

**Third Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Fourth Affirmative Defense**

This Court lacks subject-matter jurisdiction over all or part of the Complaint.

**Fifth Affirmative Defense**

The Plaintiff has failed to exhaust its administrative remedies.

**Sixth Affirmative Defense**

Answering the numbered paragraphs of the Plaintiff's Complaint, the Defendants respond as follows:

1. This paragraph contains only a characterization of the complaint, which speaks for itself, and to which no response is required.

2. Deny the first sentence, except to admit that the Plaintiff submitted a FOIA request to the Department of Justice by letter of July 18, 2007. The second sentence contains only a characterization of that letter, which speaks for itself, and to which no response is required. Deny the third sentence.

3. Deny the first and second sentences, except to admit that the Plaintiff submitted comments in response to the proposed regulation, and that in those comments it requested additional time to submit further comments. Deny the third sentence, except to admit that the Department of Justice is in the process of preparing a final regulation.

4. This paragraph contains only conclusions of law and not averments of fact to which a response is required.

5. The Defendants lack sufficient information to admit or deny the allegations of this paragraph.

6. Admit.

7. Admit.

8. This paragraph contains only a characterization of the USA PATRIOT Improvement and Reauthorization Act of 2005, which speaks for itself, and to which no response is required.

9. Admit the first and second sentences. Deny the third sentence.

10. Deny the first sentence, except to admit that the Department of Justice published a notice of proposed rulemaking, and that that notice directed that comments were to be submitted on or before August 6, 2007. Deny the second sentence, except to admit that a number of commenters submitted requests for additional time to comment. The third sentence contains only a characterization of a letter dated August 2, 2007 to the Department of Justice from Senator Arlen Specter and Senator Patrick Leahy, which speaks for itself, and to which no response is required. Deny the fourth sentence, except to admit that, by a notice dated August 1, 2007, the Department of Justice reopened the comment period for the proposed rule, and directed that comments were to be submitted on or before September 24, 2007.

11. Deny, except to admit that the Department of Justice published an entry in the Spring Unified Agenda that stated an estimate that a final rule would be published by May 2008.

12. Deny, except to admit that, in a letter dated July 18, 2007, Michael Laurence, the Executive Director of the HCRC, submitted a request for records from eight components of the Department of Justice, namely, the Office of Justice Programs, the Office of Legal Counsel, the Office of Legal Policy, the Office of Legislative Affairs, the Office of Intergovernmental and Public Liaision, the Office of the Attorney General, the Office of the Deputy Attorney General, and the Office of the Associate Attorney General.

13. Deny, except to admit that the Plaintiff requested a waiver of processing fees.

14. The first two sentences contain only characterizations of the letter dated July 18, 2007, which speaks for itself, and to which no response is required. Deny the third, fourth, fifth, and sixth sentences.

15. The first sentence contains only perjorative characterizations that are not material to any matter at issue in this case, and so is denied. The second sentence also contains perjorative characterizations that are not material to any matter at issue in this case, and so is denied, except that the Defendants separately aver that the Attorney General is committed to executing his office in full compliance with his ethical and legal obligations.

16. Deny.

17. Deny.

18. Deny, except to admit that the Department of Justice allocated the responsibility to respond to the Plaintiff's FOIA request as follows: the Office of Justice Programs responded directly with respect to records requested from that component; the Office of Legal Counsel responded directly with respect to records requested from that component; and the Office of Information and Privacy responded with respect to records requested from the remaining six components.

19. Deny, except to admit that the Office of Justice Programs produced records to the Plaintiff in October 2007.

20. Deny, except to admit that the Office of Justice Programs responded to telephone comminucations from the Plaintiff by telephone message in September 2007.

21. Admit.

22. Admit.

23. Deny.

24. Deny.

25. Admit.

26. Deny, except to admit that the Plaintiff submitted a timely appeal of the October 2007 response that it received from the Office of Legal Counsel.

27. Admit.

28. Deny, except to admit that the Plaintiff submitted a timely appeal of the January 2008 response that it received from the Office of Legal Counsel.

29. Deny.

30. Deny.

31. Deny, except that the Defendants separately aver that the Department of Justice is continuing to process the HCRC's request.

32. Deny.

33. This paragraph contains only conclusions of law and not averments of fact to which a response is required.

34. Deny the first sentence. Deny the second sentence, except to admit that, in a letter dated September 24, 2007, the Plaintiff submitted comments in response to the proposed regulation.

35. This paragraph contains only characterizations of the Plaintiff's letter of September 24, 2007, which speaks for itself, and to which no response is required.

36. This paragraph contains only characterizations of the Plaintiff's letter of September 24, 2007, which speaks for itself, and to which no response is required.

37. Deny, except that the Defendants separately aver that, in the formulation of a final rule, the Department of Justice will consider all of the public comments submitted in response to the proposed rule.

38. Deny.

39. Deny.

40. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Deny.

42. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

43. Deny.

44. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

45. Deny.

46. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

47. Deny.

48. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

49. Deny.

50. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

51. Deny.

52. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

53. Deny.

54. The Defendants hereby incorporate by reference their responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

55. Deny.

The Defendants specifically deny all allegations in the Complaint not otherwise answered herein. In addition, the Defendants deny that the Plaintiff is entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, the Defendants request that the Plaintiff's prayer for relief be denied, that this action be dismissed, and that the Defendants be awarded their costs and such other relief as may be appropriate.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney


   /s/ Joel McElvain
ELIZABETH J. SHAPIRO
Assistant Branch Director
JOEL McELVAIN
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 514-2988
Fax: (202) 616-8202
Email: Joel.McElvain@usdoj.gov

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, I electronically filed the foregoing Answer with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

    /s/ Joel McElvain
JOEL McELVAIN