IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and MICHAEL B. MUKASEY, in his official capacity as Attorney General of the United States,<br><br>    Defendants. | No. C 08-2649 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXEMPTIONS |

    Defendants U.S. Department of Justice (DOJ) and Michael Mukasey move for partial summary judgment on the issue of the propriety of their withholding certain documents in response to Plaintiff Habeas Corpus Resource Center's Freedom of Information Act (FOIA) request. The request sought documents related to the DOJ's development of a proposed regulation detailing the certification process for state capital counsel systems. In particular, the request focused on communications between the DOJ and outside groups and individuals. Plaintiff is concerned that certain interests may have been permitted to exercise undue influence over the development of the regulation. The Court has

reviewed in camera the withheld documents and has determined that they were properly withheld from disclosure except as noted herein.

## LEGAL FRAMEWORK

FOIA entitles private citizens to access government records. "The Supreme Court has interpreted [FOIA's] disclosure provisions broadly, noting that the act was animated by a 'philosophy of full agency disclosure.'" Lion Raisins v. U.S. Dep't of Agric., 354 F.3d 1072, 1079 (9th Cir. 2004) (quoting John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989)). However, FOIA exempts nine categories of government documents from disclosure. See 5 U.S.C. § 552(b)(1)-(9). "Unlike the disclosure provisions of FOIA, its statutory exemptions 'must be narrowly construed.'" Lion Raisins, 354 F.3d at 1079, (quoting John Doe Agency, 493 U.S. at 152). The Court reviews the government's withholding of agency records de novo, and the government bears the burden of justifying its non-disclosure. 5 U.S.C. § 552(a)(4)(B).

## DISCUSSION

I. Exemption 5

The bulk of the documents at issue were withheld pursuant to FOIA Exemption 5. Under this exemption, the government can refuse to disclose "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "This provision shields 'those documents, and only those documents, normally privileged in the civil discovery context.'" Carter v. U.S. Dep't of Commerce, 307 F.3d 1084, 1088-89 (9th Cir. 2002) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). Exemption 5 incorporates the executive "deliberative process"

2

privilege, the purpose of which is "'to prevent injury to the quality of agency decisions' by ensuring that the 'frank discussion of legal or policy matters' in writing, within the agency, is not inhibited by public disclosure." Maricopa Audobon Soc'y v. U.S. Forest Serv., 108 F.3d 1089, 1092 (9th Cir. 1997) (quoting Sears, 421 U.S. at 150-51.)

To qualify for the deliberative process privilege, a document must be both "predecisional" and "deliberative." Carter, 307 F.3d at 1089. "A 'predecisional' document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Assembly of the State of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (citations and internal quotation marks omitted). In this case, the relevant decision was that of the DOJ to propose promulgating the version of the certification regulation that was published in the Federal Register. A document is "deliberative" if its disclosure "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id. (quoting Dudman Commc'ns Corp. v. Dep't of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). The deliberative process privilege "does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." Tigue v. U.S. Dep't of Justice, 312 F.3d 70, 80 (2d Cir. 2002) (quoting Ethyl Corp. v. EPA, 25 F.3d 1241, 1248 (4th Cir. 1994)). Although the

3

predecisional and deliberative requirements are distinct, "they tend to overlap in practice." Carter, 307 F.3d at 1089.

Having reviewed the withheld documents, the Court concludes that, contrary to Defendants' assertion, the following documents or portions thereof are not protected by the deliberative process privilege:

(1) Document No. 4[1]: This document summarizes issues raised by outside groups. It does not reflect deliberations within the DOJ and does not contain the opinions of the author.[2] It must be disclosed in its entirety. See Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 12 (2002) (communications between an agency and individuals "communicating with the Government in their own interest or on behalf of any person or group whose interests might be affected by the Government action" are not protected by the deliberative process privilege).

(2) Document No. 8: The third sentence in the body of the cover email is not deliberative in that it is peripheral

---

[1] The document numbers listed here refer to the entries on Defendants' main Vaughn index (Docket No. 36).

[2] The single-page document that was submitted for in camera review appears to be incomplete. The bottom of the page lists participants in a meeting between the DOJ and the National Association of Attorneys General, but the document does not go on list the issues that were raised at that meeting. In contrast, the previous part of the document lists the participants and then the issues that were discussed at a meeting with the American Bar Association. Defendants must determine whether the original document consists of more than one page, and shall produce the entire document to Plaintiff unless they believe the additional pages contain information that, consistent with the Court's determination with respect to the first page, is exempt, in which case they must submit the document for in camera review.

4

to and does not bear on substantive policy development. The cover email must be disclosed, although Defendants may redact the first two sentences of the email if they wish. The attachment may be withheld.

(3) Document No. 9: The first paragraph of the email discusses communications between the DOJ and Senator Kyl's office. It is not privileged. The second and third paragraphs of the email contain a proposed response to an undisclosed question from a member of the news media.[3] This portion of the document is not predecisional or deliberative because it was not prepared to assist an agency decision-maker in arriving at a substantive policy decision and does not bear on the formation of any such decision. The email must therefore be disclosed in its entirety.

(4) Document No. 29: The last sentence of the first paragraph of the body of the email refers to communication from individuals outside the DOJ and thus is not privileged. The email must be disclosed, but Defendants may redact the remainder of the body of the email as well as the author's mobile phone number.

(5) Document No. 35-1: The withheld paragraph does not discuss substantive policy and is peripheral to the DOJ's decision. It must be disclosed.

(6) Document No. 35-9: The last two paragraphs of the

---

[3] Defendants shall review the email to which Document No. 9 is a response and ensure that it is in fact not responsive to Plaintiff's FOIA request. If it is responsive, it must be disclosed.

5

1     document discuss proposed communications with Senator
2     Kyl's office. They do not reflect the author's view on
3     substantive policy and must be disclosed. The redacted
4     email from Ryan Bounds also concerns this communication.
5     Although it contains a minimal amount of information
6     regarding the status of the regulation, it is not
7     deliberative in nature and disclosure of this information
8     would not expose the DOJ's decisionmaking process in such
9     a way as to discourage candid discussion within the
10    agency. In addition, according to the email string, this
11    information was communicated to Senator Kyl's office. It
12    must be disclosed. Defendants may continue to withhold
13    the redacted portion of the first paragraph of David
14    Kemp's email.
15 (7) Document Nos. 35-11, 35-12, 36-2, 36-3 and 36-4: The
16    withheld portions of these documents discuss proposed
17    communications with outside interests. They are
18    peripheral to the formation of substantive policy and
19    must be disclosed.

A number of additional withheld documents refer to revisions to the draft regulation that were made as a result of review by the Office of Management and Budget (OMB). Plaintiff points out that Executive Order 12,866 provides:

> After the regulatory action has been published in the Federal Register or otherwise issued to the public, the agency shall:
>
> . . .
>
> (ii) Identify for the public, in a complete, clear, and simple manner, the substantive changes between the draft submitted to OIRA for review and the action

6

        subsequently announced; and

        (iii) Identify for the public those changes in the regulatory action that were made at the suggestion or recommendation of OIRA.

Exec. Order No. 12,866, 58 Fed. Reg. 51735 (Sept. 30, 1993), § 6(a)(3)(E). Some of the withheld documents reflect the revision process after OMB review, and Plaintiff contends that this material must be disclosed. However, the executive order on its face requires only that an agency summarize the changes that were ultimately made to a regulation as a result of OMB/OIRA review; it does not purport to require disclosure of all documents reflecting the deliberative process that led to such changes. In addition, as Defendants note, the executive order also provides:

    Nothing in this Executive order shall affect any otherwise available judicial review of agency action. This Executive order is intended only to improve the internal management of the Federal Government and does not create any right or benefit, substantive or procedural, enforceable at law or equity by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person.

Id. § 10. Therefore, the Court may not order disclosure of documents that are subject to the deliberative process privilege on the basis that Executive Order 12,866 carves out an exception to the privilege.

    Plaintiff also argues that documents "reflecting information that formed the basis of the regulations as proposed -- and thus reflect the policy of the agency -- [] do not come within the deliberative process privilege." Pl.'s Opp. at 7. This is a sweeping proposition that would potentially require the disclosure of many documents that are both predecisional and deliberative. But it is not an accurate description of the law, and the cases

7

Plaintiff cites are not on point.  For example, <u>Assembly of the State of Cal. v. U.S. Dep't of Commerce</u>, 968 F.2d 916 (9th Cir. 1992), the primary case on which Plaintiff relies, simply holds, "Material which predates a decision chronologically, but did not contribute to that decision, is not predecisional in any meaningful sense."  <u>Id.</u> at 921.  Similarly, <u>Sears</u>, 421 U.S. 132, holds that intra-agency communication that explains a policy already adopted becomes the "working law" of the agency.  As such, it is not pre-decisional and is not protected by the deliberative process privilege.  <u>Id.</u> at 152.  These cases do not apply to the material Defendants have withheld.

Plaintiff also argues that Defendants may not invoke Exemption 5 because the withheld records may shed light on government misconduct.  This argument is based on the premise that the privilege is a qualified one that can be overcome under certain circumstances -- in particular, where documents to which the privilege applies are sought during civil discovery and are central to a plaintiff's claim of government misconduct.  See, e.g., <u>North Pacifica, LLC v. City of Pacifica</u>, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).  However, whether particular documents may theoretically be subject to discovery in a particular civil action is irrelevant to whether they are exempt from disclosure under FOIA Exemption 5.  The "test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance."  <u>FTC v. Grolier Inc.</u>, 462 U.S. 19, 26 (1983).  "It makes little difference whether a privilege is absolute or qualified in determining how it translates into a discrete category of documents that Congress intended to exempt from disclosure under

8

1 Exemption 5. Whether its immunity from discovery is absolute or
2 qualified, a protected document cannot be said to be subject to
3 'routine' disclosure." Id. at 27.  In addition, case law
4 addressing the circumstances under which the deliberative process
5 privilege may be overcome in non-FOIA litigation cannot be applied
6 here.  Unlike in the context of a civil discovery dispute, in this
7 case it is inapposite to ask whether the withheld documents are so
8 central to Plaintiff's claim that the privilege may not be invoked.
9 Here, production of documents is the beginning and the end of
10 Plaintiff's claim.  In any event, the Court has reviewed the
11 withheld documents, and none of them would be central to any
12 hypothetical future claim based on the government misconduct that
13 Plaintiff alleges.
14 II.  Exemption 6
15     FOIA Exemption 6 applies to "personnel and medical files and
16 similar files the disclosure of which would constitute a clearly
17 unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).
18 To determine whether an invasion of privacy is clearly unwarranted,
19 courts must balance four factors: "(1) the plaintiff's interest in
20 disclosure; (2) the public interest in disclosure; (3) the degree
21 of the invasion of personal privacy; and (4) the availability of
22 any alternative means of obtaining the requested information."
23 Multnomah County Medical Soc. v. Scott, 825 F.2d 1410, 1413 (9th
24 Cir. 1987).
25     Plaintiff maintains that the DOJ's decision to hire Jennifer
26 Goldstein, an attorney who played a key role in developing the
27 certification regulation, was politically motivated.  Plaintiff's
28 FOIA request sought information concerning Ms. Goldstein's hiring

9

in order to determine whether the regulation's development may have been tainted by bias. Defendants have withheld two documents -- Nos. 36-1 and 36-5 on the Vaughn index -- that contain email chains regarding the decision to hire Ms. Goldstein. Although these documents contain professional opinions about Ms. Goldstein, the authors had little to say and the emails contain no personal information. Plaintiff's interest -- and the public's interest -- in determining whether Ms. Goldstein's hiring was improper is sufficient to outweigh any minimal privacy interest Ms. Goldstein may have in keeping these opinions from the public. Accordingly, these documents must be disclosed. However, Defendants may redact the mobile telephone number of Ryan Bounds, which appears on each document.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in part and denied in part. Defendants must forthwith disclose the documents or portions thereof as discussed herein.

IT IS SO ORDERED.

Dated: 11/21/08

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge