IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER,<br><br>  Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and MICHAEL B. MUKASEY, in his official capacity as Attorney General of the United States,<br><br>  Defendants.<br>_____/ | No. C 08-2649 CW<br><br>ORDER CONCERNING DEFENDANTS' SEARCH FOR DOCUMENTS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST |

  Plaintiff Habeas Corpus Resource Center seeks an order requiring Defendants U.S. Department of Justice (DOJ) and Michael Mukasey to undertake additional searches to locate documents responsive to their Freedom of Information Act (FOIA) request.  The request sought documents related to the DOJ's development of a proposed regulation detailing the certification process for state capital counsel systems.  In particular, the request focused on communications between the DOJ and outside groups and individuals. Plaintiff is concerned that certain interests may have been permitted to exercise undue influence over the development of the regulation.

1  In actions challenging the adequacy of the government's
2 response to a FOIA request, the government must:

> demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents. Further, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the <u>search</u> for those documents was <u>adequate</u>. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

<u>Zemansky v. EPA</u>, 767 F.2d 569, 571 (9th Cir. 1985) (quoting <u>Weisberg v. U.S. Dep't of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984)) (internal quotation marks omitted; emphasis in original).

Defendants have submitted a number of declarations detailing their searches of various DOJ components for records responsive to Plaintiff's FOIA request, including steps that have been taken to locate responsive records since this lawsuit was initiated. Plaintiff asserts that these declarations demonstrate that Defendants' searches were inadequate in various respects.

Plaintiff requests that the Court require Defendants to perform searches of the electronic and paper files of nine DOJ employees:[1] Jennifer Goldstein, Rachel Brand, Richard Hertling, Rebecca Seidel, Jill Wade, Joan Meyer, Julie Warren, Margaret Griffey and William Moschella. Defendants' declarations establish that these employees' records have been searched. However, the

---

[1] Plaintiff also requests that Defendants be required to search the Departmental Executive Secretariat. However, Defendants performed a search of the Secretariat using eighteen different search terms. Fourth Pustay Dec. ¶ 5. The Court finds that this search was adequate.

1  Court finds that only two of these searches were adequate.
2  Specifically, Ms. Warren searched her paper and electronic files
3  and her email archives.  Id. ¶ 46.  She used eight different terms
4  in conducting her electronic search.  Id.  Similarly, Mr. Moschella
5  searched his paper and electronic files for responsive documents,
6  and his email messages were searched using nine different terms
7  related to Plaintiff's request.  Id. ¶¶ 31-34.

8     As for the remaining seven employees, Defendants' declarations
9  do not establish that they performed a search that was reasonably
10 calculated to uncover all responsive documents.  In particular, the
11 declarations either do not indicate the terms that were used for
12 searches of these employees' electronic files, including email
13 files, or demonstrate that the electronic searches did not include
14 an adequate number of terms.  Specifically, the declarations do not
15 specify the search terms that were used to search the files of Ms.
16 Goldstein, Ms. Brand or Ms. Hertling.  Rather, the declarations
17 state simply that, generally, searches of electronic records within
18 the Office of Legal Policy, which employed these three individuals,
19 included terms such as "habeas," "capital counsel" and "OJP 1464."
20 Id. ¶¶ 10-12.  These three terms are not adequate.  Similarly, Ms.
21 Griffey conducted a search of her electronic records using only the
22 terms "Goldstein" and "habeas."  Roberts Dec. ¶ 10.  The
23 declarations do not specify any of the search terms that were used
24 to search the electronic records of Ms. Meyer, Ms. Seidel or Ms.
25 Wade.  Fourth Pustay Dec. ¶¶ 31, 51.  Because Defendants have not
26 established that they performed adequate searches of these
27 employees' electronic records, they must conduct additional
28

United States District Court
For the Northern District of California

3

searches as specified below.[2]

Plaintiff also requests that the Court require Defendants to provide it with the name of each person involved in the decision to hire Jennifer Goldstein, and to search the files of these individuals for records responsive to Item 12 of Plaintiff's FOIA request, which sought records related to Ms. Goldstein's hiring. However, Defendants have submitted a declaration describing their search of the Office of Attorney Recruitment and Management (OARM) for responsive records. <u>See</u> Carpenter Dec. This declaration demonstrates that Defendants conducted a search that was reasonably calculated to uncover documents responsive to Item 12. Plaintiff also specifically seeks information about the "vouchering" inquiry that must be provided to OARM in connection with new attorney hires. However, Defendants are presently conducting an additional search that may obtain this information, and the Court will not order further action at this time.

For these reasons, IT IS HEREBY ORDERED that:

1. On or before December 10, 2008, Defendants shall, using the terms contained in Appendix A to this order, conduct searches of all electronic files and email records currently or previously maintained by the following current and former DOJ

---

[2]Plaintiff also requests that these employees perform an additional search of their paper records. However, Defendants' declarations establish that searches of these employees' paper records have already been performed. Defendants cannot be expected to provide further detail regarding the scope of these searches, in that it is not possible to identify search terms were used to conduct them. The Court therefore finds that Defendants' searches of the paper files were adequate and denies Plaintiff's request for additional such searches.

4

employees:
a. Rachel Brand (Office of Legal Policy)
b. Richard Hertling (Office of Legal Policy)
c. Jennifer Goldstein (Office of Legal Policy)
d. Margaret Griffey (Criminal Division)
e. Jill Wade (Office of Legislative Affairs)
f. Rebecca Seidel (Office of Legislative Affairs)
g. Joan Meyer (Office of the Deputy Attorney General)

2. Defendants shall disclose to Plaintiff all responsive records located in connection with the additional searches described in Paragraph 1 that are not exempt, and non-exempt portions of records for which exemptions are claimed, as soon as they are located and their exempt status is identified. All responsive records that are not exempt, and non-exempt portions of records for which exemptions are claimed, shall be disclosed to Plaintiff on or before December 23, 2008. Defendants shall disclose all responsive, non-exempt documents, including those deemed to be duplicates or repetitive of other disclosed documents. Defendants shall consecutively number the pages of all disclosed documents and shall provide an index that lists, for each document, the DOJ component that produced the document, the individual employee from whose file the document was obtained, the document type and the location of the document (*e.g.*, the name of the electronic directory or database from which the document was obtained).

3. On or before December 23, 2008, Defendants shall provide Plaintiff with and file one or more declarations that describe

5

|   |   |
|---|---|
| 1 | in detail the searches conducted in compliance with this |
| 2 | order. |
| 3 | 4. On or before December 23, 2008, Defendants shall provide |

1   in detail the searches conducted in compliance with this
2   order.
3   4.  On or before December 23, 2008, Defendants shall provide
4       Plaintiff with and file a single <u>Vaughn</u> index addressing any
5       and all withheld documents obtained through the searches
6       conducted in compliance with this order.  If the withheld
7       documents have already been reviewed by the Court <u>in camera</u> in
8       connection with Defendants' previous disclosures, and have
9       been determined by the Court to be exempt from disclosure, the
10      index should refer to the relevant entries on Defendants'
11      previous <u>Vaughn</u> indices, and need not provide any additional
12      information.  For each newly withheld document, the <u>Vaughn</u>
13      index must describe the subject matter of the document,
14      indicate the number of pages that comprise the document, state
15      with specificity the basis of the asserted exemption, explain
16      how the interests protected by the exemption would be damaged
17      by disclosure, and detail any other information about the
18      document necessary to explain the claim of exemption.
19  5.  On or before December 23, 2008, Defendants shall lodge with
20      the Court an unredacted copy of each newly withheld document
21      they claim is exempt from disclosure.
22  6.  If Plaintiff wishes to contest the validity of Defendants'
23      claim of exemption with respect to any item on the
24      supplemental <u>Vaughn</u> index, or to argue that additional
25      searches are necessary, it shall file a brief, not exceeding
26      fifteen pages in length, addressing these matters on or before
27      January 6, 2009.  If Defendants wish to file a response, they

must file a brief not exceeding fifteen pages in length on or before January 13, 2009.  Any reply may not exceed eight pages in length, and must be filed by January 20, 2009.  The Court will schedule a further hearing on the matter if it deems one necessary.

IT IS SO ORDERED.

Dated: 12/2/2008

CLAUDIA WILKEN
United States District Judge