IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>    Defendants. | No. C 08-2649 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT ON FOIA EXEMPTIONS |

    The Court previously granted in part the motion of Defendants United States Department of Justice (DOJ) and Eric H. Holder, Jr. for partial summary judgment on the issue of the propriety of their withholding certain documents in response to Plaintiff Habeas Corpus Resource Center's Freedom of Information Act (FOIA) request. The request sought documents related to the DOJ's development of a proposed regulation detailing the certification process for state capital counsel systems. Since the Court ruled on the previous motion, Defendants have completed further document searches, disclosing some documents to Plaintiff and withholding others. Defendants move for a ruling that they have properly withheld the

latter under FOIA.  Plaintiff has raised questions with respect to certain of the withheld documents.  The Court has reviewed <u>in camera</u> all of the additional withheld documents and has determined that the withholding is appropriate except as noted herein.

## LEGAL FRAMEWORK

FOIA entitles private citizens to access government records. "The Supreme Court has interpreted [FOIA's] disclosure provisions broadly, noting that the act was animated by a 'philosophy of full agency disclosure.'" <u>Lion Raisins v. U.S. Dep't of Agric.</u>, 354 F.3d 1072, 1079 (9th Cir. 2004) (quoting <u>John Doe Agency v. John Doe Corp.</u>, 493 U.S. 146, 152 (1989)).  However, FOIA exempts nine categories of government documents from disclosure.  <u>See</u> 5 U.S.C. § 552(b)(1)-(9).  "Unlike the disclosure provisions of FOIA, its statutory exemptions 'must be narrowly construed.'" <u>Lion Raisins</u>, 354 F.3d at 1079, (quoting <u>John Doe Agency</u>, 493 U.S. at 152).  The Court reviews the government's withholding of agency records <u>de novo</u>, and the government bears the burden of justifying its non-disclosure.  5 U.S.C. § 552(a)(4)(B).

## DISCUSSION

I.   Exemption 5

Many of the documents at issue were withheld pursuant to FOIA Exemption 5.  Under this exemption, the government can refuse to disclose "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  "This provision shields 'those documents, and only those documents, normally privileged in the civil discovery context.'" <u>Carter v. U.S. Dep't of Commerce</u>, 307 F.3d 1084, 1088-89 (9th Cir. 2002)

2

(quoting <u>NLRB v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 149 (1975)). Exemption 5 incorporates the executive "deliberative process" privilege, the purpose of which is "'to prevent injury to the quality of agency decisions' by ensuring that the 'frank discussion of legal or policy matters' in writing, within the agency, is not inhibited by public disclosure." <u>Maricopa Audobon Soc'y v. U.S. Forest Serv.</u>, 108 F.3d 1089, 1092 (9th Cir. 1997) (quoting <u>Sears</u>, 421 U.S. at 150-51.)

To qualify for the deliberative process privilege, a document must be both "predecisional" and "deliberative." <u>Carter</u>, 307 F.3d at 1089. "A 'predecisional' document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." <u>Assembly of the State of Cal. v. U.S. Dep't of Commerce</u>, 968 F.2d 916, 920 (9th Cir. 1992) (citations and internal quotation marks omitted). In this case, the relevant decision was that of the DOJ to propose promulgating the version of the certification regulation that was published in the Federal Register. A document is "deliberative" if its disclosure "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." <u>Id.</u> (quoting <u>Dudman Commc'ns Corp. v. Dep't of the Air Force</u>, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). The deliberative process privilege "does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." <u>Tique v. U.S. Dep't of</u>

3

1 Justice, 312 F.3d 70, 80 (2d Cir. 2002) (quoting Ethyl Corp. v.
2 EPA, 25 F.3d 1241, 1248 (4th Cir. 1994)).  Although the
3 predecisional and deliberative requirements are distinct, "they
4 tend to overlap in practice."  Carter, 307 F.3d at 1089.
5      The Court has reviewed the documents that were withheld under
6 FOIA Exemption 5 and concludes that the documents are both
7 predecisional and deliberative.  The withholding was thus proper.
8 II.  Exemption 6
9      FOIA Exemption 6 applies to "personnel and medical files and
10 similar files the disclosure of which would constitute a clearly
11 unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).
12 To determine whether an invasion of privacy is clearly unwarranted,
13 courts must balance four factors: "(1) the plaintiff's interest in
14 disclosure; (2) the public interest in disclosure; (3) the degree
15 of the invasion of personal privacy; and (4) the availability of
16 any alternative means of obtaining the requested information."
17 Multnomah County Medical Soc. v. Scott, 825 F.2d 1410, 1413 (9th
18 Cir. 1987).
19      Plaintiff maintains that the DOJ's decision to hire Jennifer
20 Goldstein, an attorney who played a key role in developing the
21 certification regulation, was politically motivated.  Plaintiff's
22 FOIA request sought information concerning Ms. Goldstein's hiring
23 in order to determine whether the regulation's development may have
24 been tainted by bias.  Invoking FOIA Exemption 6, Defendants have
25 withheld a number of documents related to the process by which Ms.
26 Goldstein was selected for an attorney position with the DOJ.  The
27 Court has reviewed these documents and concludes that they were
28 properly withheld except as follows:

1    (1)    Group 59, Document 255: The identity of the email recipient is not confidential and must be disclosed. The body of the email contains general information about Jennifer Goldstein's professional background and its disclosure would not constitute an invasion into Ms. Goldstein's privacy. It must be disclosed.

(2)    Group 45, Documents 27-30; Group 46, Documents 31 and 33-36: The identity of the individual who was contacted for information about the unsuccessful job applicant is not confidential and must be disclosed. Defendants may continue to withhold the other redacted portions of the emails.

## CONCLUSION

For the foregoing reasons, Defendants' supplemental motion for partial summary judgment is granted in part and denied in part. Defendants must forthwith disclose the portions of the documents discussed herein.

IT IS SO ORDERED.

Dated: 6/30/09

                    CLAUDIA WILKEN
                    United States District Judge

*United States District Court — For the Northern District of California*